86 U.S. 486
 22 L.Ed. 67
 19 Wall. 486
 UNITED STATES
v.
ARWO.
 October Term, 1873
 
 ON certificate of division in opinion from the Southern District of New York.
 A statute of March 3d, 1825,[1] makes an assault committed on the high seas with a deadly weapon a crime against the United States, and the act is made cognizable in virtue of prior law,[2] 'in the district where the offender is apprehended OR into which he may first be brought.' This statute being in force, Arwo was indicted in the Southern District of New York, for an assault of the Kind just spoken of, committed on a vessel alleged to have belonged to citizens of the United States. He pleaded to the jurisdiction, alleging that, immediately upon the commission of the assault, he had been placed in irons on board ship, for custody and to be forthcoming to answer any charge therefor, and was so kept until the vessel reached the lower quarantine anchorage in New York harbor, within the Eastern District of that State; that the vessel lay at anchor at such station for five days, during which he, being still in such custody, was delivered to the harbor police, officers of the State of New York, in order that he might be forthcoming, &c.; and that they without process or warrant from any court carried him to the city of New York, where he was delivered over to the marshal of the United States for the Southern District of New York; and that a warrant for his arrest (being the first issued in this case) was afterwards duly issued to the said marshal; so that, upon the whole, he had been apprehended and brought first into the Eastern, and not into the Southern District, and, therefore, could be tried only in the former district, &c.
 Upon demurrer, the following questions occurred, and the court certified a division upon them.
 '1. Whether the prisoner, having been taken into custody by the master of an American vessel, while on her voyage, upon a charge of having, during the voyage, committed an offence against the United States on board such ship, upon the high seas and out of the limits of any State or district, and first brought, in such custody, into the Eastern District of New York, can be tried for such offence in the Southern District of New York.
 '2. Whether the facts stated in the plea, show that the Southern District of New York is not the district in which the defendant was apprehended, within the meaning of the act of March 3d, 1825.
 '3. Whether the plea discloses that, within the meaning of the act of March 3d, 1825, the apprehension of the defendant occurred either upon the high seas, or in the Eastern District of New York, and not in the Southern District of New York.
 '4. Whether the act of March 3d, 1825, confers jurisdiction in the alternative, and enables this court to assume jurisdiction to try an indictment by reason of the fact that the defendant has been arrested in this district, upon the charge in the indictment contained, by an officer of the United States, as stated in the plea, notwithstanding it appears that the defendant was first brought into the Eastern District of New York.'
 The Eastern District of New York consists of the counties of Richmond, Queens, Kings, and Suffolk;[3] and by an act of 1865, establishing it,[4] the jurisdiction of the court thereof over 'the waters' of such counties, excepting the county of Richmond, and 'all matters made or done on such waters,' is concurrent with that of the court of the Southern District.
 Mr. S. F. Phillips, Solicitor-General, for the United States.
 I. The bringing of Arwo within the waters of the Eastern District is a 'matter done' therein.
 The first question certified does not define the place to which Arwo was brought as being within that part of the Eastern District over which the Southern has no jurisdiction. The division here is as to a 'matter done' in any part of the Eastern District, and, therefore, is to be settled by the act of 1865. There is nothing stated in the question to affect a concurrence of jurisdiction in the Southern District and the Eastern District over this offence.
 As regards the remaining three questions, the only fact as to the place contained in them additional to those in the first question, is as regards 'lower quarantine.' Now this court has no judicial knowledge as to where lower quarantine is, except so far as its situation is fixed by the plea and the corresponding admission in the demurrer;[5] that is to say, that it is within the Eastern District, but within which one of the four counties it is, there is nothing in the law or the record to show. If the present matter of first bringing Arwo was so done as to confer jurisdiction upon the courts of the Eastern District, then, by the act of 1865, it did so equally upon the Southern, unless it occurred within Richmond County. It was the business of the plea to draw this distinction. It has not drawn the required distinction. The plea is one of a class which must be 'certain to every intent;' 'that is, must have such technical accuracy as is not liable to the most subtle and scrupulous objection.'[6]
 Because of the concurrence of jurisdiction above specified, the first question is to be answered affirmatively; and the others are to be met by a general objection that under the statements of the plea they are merely abstract.
 II. It may be, however, that the court will feel at liberty to express an opinion upon all the questions intended to be raised; and so we discuss their merits.
 Some courts hold that in cases presenting both of the local features described in that part of the act given above (p. 486) in italics (viz., two districts, one of apprehension, and another, that into which the accused was first brought), the prosecutors have a choice, and may institute proceedings in either indifferently. Others, that, in such cases, there is but one place for trial, to wit, the district into which the accused is first brought; that the other district is mentioned as a place of trial only where there is in the case no district into which the accused has been brought, i. e., ex gr., in cases where, having come voluntarily into the United States, he is afterwards apprehended, &c. In these latter cases, the apprehension spoken of is plainly an apprehension under Federal authority. But there was no such apprehension here. Arwo was apprehended under ordinary ship police on board of a private vessel. There was no Federal color or element in his apprehension until that by the marshal of the Southern District.
 But if this were otherwise, then, upon general principles, there is no reason for holding in such cases, that the act of 1790 does not give to the prosecution an unrestricted choice of districts.
 As regards the defendant, the provision, in any sense, is merely positive.
 On the other hand, it seems unreasonable to say that the statute meant to compel prosecutor and witnesses, and perhaps the ship besides, to lay up, at a quarantine anchorage as here, or as the case might make it, at a port of refuge or of repair, merely because they were so unfortunate as accidentally to be on a ship with a felon.
 We, therefore, suggest, under this branch of the argument, that the first and fourth questions certified be answered in the affirmative, and the second and third, in the negative.
 No opposing counsel.
 Mr. Justice CLIFFORD delivered the opinion of the court.
 
 
 1
 Instead of answering separately the questions certified here, I am instructed to say, that the court, upon the facts alleged in the plea, is of the opinion, that the Circuit Court for the Southern District of New York had jurisdiction in this case, and that the court directs that this statement be certified to the Circuit Court as the only answer required to the several questions presented on the record.
 
 
 
 [1]
 4 Stat. at Large, 115, § 22.
 
 
 [2]
 Act of April 30th, 1790, § 8; 1 Id. 113.
 
 
 [3]
 Richmond County is Staten Island. Queens, Kings, and Suffolk compose Long Island; Kings being the easternmost of the three; the county which is separated from Richmond chiefly by 'the Narrows.'
 
 
 [4]
 Act of February 25th, 1865, 13 Stat. at Large, 438.
 
 
 [5]
 1 Taylor's Evidence, 25.
 
 
 [6]
 1 Chitty on Pleading (edition of 1840), pp. 457, 234, and 663.