## UNITED STATES v. TOWNSEND.

### (District Court, S. D. New York. January 28, 1915.)

### No. 2435.

1. CRIMINAL LAW ☞97 — OFFENSES ON HIGH SEA — VENUE — "FOUND" — "BROUGHT."

Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1100 [Comp. St. 1913, § 1023]) § 41, provides that the trial of offenses on the high seas or elsewhere out of the jurisdiction of any particular state or district shall be in the district where the offender is found, or into which he is first brought. *Held*, that the word "brought," as so used, meant taken or carried, as where the offense is committed on the high seas and the offender is taken into custody on the ship and then brought into court; while the word "found" means apprehended, as, where the offender, not having been taken into custody, is, after reaching port, arrested under lawful authority for trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 177–189, 191: Dec. Dig. ☞97.

For other definitions, see Words and Phrases, First and Second Series, Brought; Find.]

2. CRIMINAL LAW ☞97—VENUE—OFFENSES COMMITTED ON HIGH SEAS.

Where accused, as master of a ship, assaulted a member of his crew on the high seas, and then brought his ship at the end of her voyage to her pier in the borough of Brooklyn, county of Kings, and Eastern district of New York, where he was arrested, he was neither found nor brought within the Southern district of New York, within Judicial Code, § 41, providing that the trial of all offenses committed on the high seas shall be in the district where the offender is found or into which he is brought, and hence was not subject to prosecution in that district.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 177–189. 191; Dec. Dig. ☞97.]

3. CRIMINAL LAW ☞97—OFFENSES—HIGH SEAS—FEDERAL COURTS—CONCURRENT JURISDICTION.

Judicial Code, § 97, provides that the District Court of the Southern and Eastern Districts of New York shall have concurrent jurisdiction over the waters within the counties of New York, Kings, Queens, Nassau, Richmond, and Suffolk and over all seizures made "and all matters done in such waters," etc. *Held*, that such section did not confer concurrent jurisdiction on the federal courts of the Southern and Eastern districts of New York, of offenses on the high seas, where the vessel after the commission of the offense was brought direct to her pier in the borough of Brooklyn.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 177–189, 191; Dec. Dig. ☞97.]

Henry C. Townsend was indicted for assault on a member of his crew on the high seas and filed a plea in bar to the court's jurisdiction, to which the government demurred. Overruled.

H. Snowden Marshall, U. S. Atty., and Gordon Auchincloss, Asst. U. S. Atty., both of New York City.

Henry A. Wise, of New York City, for defendant.

POPE, District Judge. The defendant, Townsend, is indicted for having, while master of the sailing vessel Manga Reva, and while upon the high seas on the trip from San Francisco to New York, committed

an assault upon one John Shea, a member of his crew. The indictment is under section 291 of the Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1145 [Comp. St. 1913, § 10464]), which, so far as here material, reads as follows:

"Whoever, being the master or officer of a vessel of the United States, on the high seas, or on any other waters within the admiralty and maritime jurisdiction of the United States, beats, wounds, * * * any of the crew of such vessel," shall be punished as provided by law.

The plea in bar, as elucidated by the mutually conceded facts at the hearing, shows that the defendant brought his ship upon the end of her voyage to her pier in the borough of Brooklyn, county of Kings, and thus in the Eastern district of New York. He was there arrested by a deputy United States marshal for the Eastern district of New York upon a warrant issued by a United States commissioner for that district, and, upon being arraigned before such commissioner, was held to appear before the District Court of the United States for the Southern District of New York. Subsequently the present indictment was found against him in this court. The question is whether the offense is properly laid in this district, or whether the case must be tried in the Eastern district of New York.

[1] The venue of such cases is prescribed by section 41 of the Judicial Code, as follows:

"The trial of all offenses committed upon the high seas, or elsewhere out of the jurisdiction of any particular state or district, shall be in the district where the offender is found, or into which he is first brought."

[2] A brief consideration of the meaning of the terms employed will be helpful. The difference between "brought" and "found" is the difference between presence by involuntary and voluntary act. By "brought" is meant taken, or carried. An illustration of this is where the violator of law upon the high seas is, following the crime, taken into custody upon the ship and then brought into port. On the other hand, where the defendant, not having been taken into custody, is, after reaching port, arrested or apprehended under lawful authority for trial for the offense, he is deemed to be found wherever such arrest occurs. Under the statute, the prosecution may be either in the district where the defendant is first brought (i. e., taken), or where he is found (i. e., apprehended). Kerr v. Shine, 136 Fed. 64, 69 C. C. A. 69, and cases cited. In the present case the defendant was not brought into this district, nor, indeed, into any district, for, as we have seen, he himself brought his vessel to Brooklyn. Neither was he found in this district, for, as we have seen, he was arrested on his vessel in Brooklyn. It follows therefore that he was neither found nor brought into this district, and, unless a further consideration, now to be mentioned, prevails, he cannot be tried here.

[3] It is argued for the government that section 97 of the Judicial Code gives this court concurrent jurisdiction with that of the Eastern district, and United States v. Arwo, 19 Wall. 486, 22 L. Ed. 67, is cited in support of the contention. That section is as follows:

"The District Courts of the Southern and Eastern districts shall have concurrent jurisdiction over the waters within the counties of New York, Kings,

Queens, Nassau, Richmond, and Suffolk, and over all seizures made and all matters done in such waters: all processes or orders issued within either of said courts or by any judge thereof shall run and be executed in any part of said waters."

But the assault upon Shea was not "a matter done in the waters" of the counties named. Had section 41, above quoted, fixing the venue, read that the trial of all offenses upon the high seas should be deemed to have been committed in the waters of the district where the offender is found, there would perhaps be room for the contention that the act of Townsend was constructively done in the waters of the Eastern district, and that the Southern district thus has concurrent jurisdiction under section 97, supra. But section 41 does not so read. It fixes the venue absolutely and at a definite place, to wit, where the defendant is first brought or where he is found, and section 97, referring simply to matters done in the waters of the Eastern district, does not confer jurisdiction upon this district for an act done upon the high seas.

It only remains to be said that we do not find anything in United States v. Arwo contrary to what is here held. Neither the question certified to the Supreme Court in that case, nor the opinion of the court, refer in any manner to the statute then and now existing giving concurrent jurisdiction to the Southern and Eastern districts for matters "done on the waters" of those districts. The decision in that case is apparently upon the ground that the defendant was first found (i. e., arrested) by federal authority in the Southern district of New York, and was thus subject to this jurisdiction under the plain provisions of the statute.

We are of opinion that the plea in bar is well taken, and that the government's demurrer thereto must be overruled.

An order to that effect may be entered.