GEFLE MANUFACKTUR AKTIEBOLAG v. UNITED STATES et al.

(District Court, S. D. New York. July 24, 1923.)

Admiralty ⊂⊃32—Suit against United States maintainable in Southern "district" of New York, though vessel found at Brooklyn wharf.

Suits in Admiralty Act, § 2, authorizing suit in personam against the United States in "district" in which vessel charged with liability is found, refers to jurisdictional, and not to territorial, limits of the district, and under Judicial Code, § 97 (Comp. St. § 1084), giving courts for Southern and Eastern districts of New York concurrent jurisdiction over waters in certain counties, court for Southern district has jurisdiction, though vessel was found at a Brooklyn wharf.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, District.]

In Admiralty. Suit by the Gefle Manufacktur Aktiebolag against the United States and another. On exception to libel. Exceptions overruled.

Sur exceptions to a libel in personam in the admiralty with allegation that at the time of libel filed the vessel was not within the territorial waters of the Southern district of New York. The case is to be decided on the assumption that she was then within the waters of the county of Kings. The libelant elected to proceed as in rem and alleged that the res was a vessel owned by the United States. The point raised is that under section 97 of the Judicial Code (Comp. St. § 1084), while this court has concurrent jurisdiction with the Eastern district of New York to execute process within the waters of the county of Kings, yet the ship must be within the territorial waters of the county of New York if the ship is to be regarded as "found" within this district under section 2 of the Suits in Admiralty Act (41 Stat. 525).

Horace Grey, Sp. Asst. U. S. Atty., of New York City, for exceptant. David Hunter Miller, of New York City, opposed.

LEARNED HAND, District Judge (after stating the facts as above). Section 2 of the Suits in Admiralty Act provides a proceed-

ing in personam against the United States whenever "a proceeding in admiralty could be maintained at the time of the commencement of the action herein provided for." Later it says that this libel shall be filed in the district "in which the vessel * * * charged with liability is found." Since, says the respondent—having waited till the statute of limitations has run—the vessel was found at a Brooklyn wharf and this was not within the territorial waters of the Southern district, the libel must be dismissed.

It would be a good argument if the phrase "district * * * in which the vessel * * * is found" meant territorial limits instead of jurisdictional limits. Under section 97 of the Judicial Code, the jurisdictional limits of the Southern district include the waters of the county of Kings; the territorial limits do not. The jurisdiction of this court has nothing whatever to do with the place where the cause of proceeding arose. The phrase is "concurrent jurisdiction over the waters * * * and over all seizures made and all matters done in such waters." Strictly the suffix was unnecessary. Nobody ever doubted our jurisdiction to arrest a private vessel at a Brooklyn wharf, though the "matter" was "done" outside the Port of New York. It is a complete jurisdictional grant. "All processes * * * shall run * * * in any part of said waters."

Section 2 of the Suits in Admiralty Act was a substitute pari passu for the right to proceed in rem against the vessel had she been privately owned. "It was intended to substitute this proceeding in personam * * * in lieu of the previous unlimited right of claimants to libel such vessels in rem." Blamberg Bros. v. U. S., 43 Sup. Ct. 179, 67 L. Ed. —— (United States Supreme Court, January 2, 1923). Wherever the ship could be arrested, if privately owned, in that district the libel would lie in personam. She "is found" in a district when she can be arrested by the process of that district. Territorial boundaries as distinct from jurisdictional have no functional relation to the statute at all. Only in this way can the libel in personam be a "substitute" for the preceding libel in rem. The exceptant by verbal niceties would twist the statute from its entirely plain meaning.

Judge Pope's decision in U. S. v. Townsend (D. C.) 219 Fed. 761, does not necessarily conflict with this ruling. To be sure he read the words "is found," in section 41 of the Judicial Code (Comp. St. § 1023), territorially, notwithstanding section 97. Perhaps he was right, but whether or not he was, he had not before him the construction of a statute intended to give an equivalent remedy to one which had been taken away and which would have extended to the case before him, if it still existed.

Exception overruled.