## In re Rosdeitscher.

*(District Court, E. D. Virginia.   January 3, 1888.)*

1. COURTS—FEDERAL JURISDICTION—CRIMES.
   Const. U. S. art. 3, § 2, cl. 3. forbids the finding of an indictment in one state of the Union for a crime committed in another state, and where there can be no indictment there can be no original complaint.

2. SAME.
   The jurisdiction of United States courts in respect to crimes committed in other states is ancillary in character, and cannot be exercised unless it is shown that accused is a "fugitive from justice," and has been "demanded" by the proper authorities of the state where the crime was committed.

3. SAME—COMITY.
   The comity of courts, however, modifies the rule just stated in cases of undoubted flight from justice and evasion of process.

Application for *Habeas Corpus*.

*E. Waddill, Jr.*, and *Wm. Flegenheimer*, for petitioner.

*J. C. Gibson*, U. S. Dist. Atty., for the United States.

HUGHES, J. The controlling facts of this case are as follows: Complaint was made on the 26th of December, 1887, before a commissioner of the United States circuit court here, by one Samuel Sapovits, charging that the defendant, on March —, 1887, passed a counterfeit $20 United States national bank-bill upon him, in the town of Chester, Pennsylvania. Upon this complaint, filed here as an original proceeding, the commissioner issued his warrant of arrest, which was duly executed, and, after a hearing of the matter, the defendant was committed to jail, under section 1014 of the Revised Statutes of the United States. On petition before me a writ of *habeas corpus* was granted on the 3d January, 1888, and, on an inspection of the complaint, and of such papers as were filed in the case, the defendant was discharged from jail, and set at large, no demand for his arrest having been made from Pennsylvania, and no official or other notification having been given here, from there, that the authorities there were prosecuting, or intended to prosecute, the case.

My reasons for discharging the prisoner are founded on elementary principles. An indictment cannot be found in one state of this Union for an offense committed in another. This is forbidden by clause 3 of section 2 of article 3 of the national constitution. This cannot be done either in a state court or in a United States court. The national constitution gives no authority to the United States to take original cognizance in one state of crimes committed in another state. That instrument does no more, in clause 2 of section 2 of article 4, than to provide that "a person charged in any state with crime committed in another state, who shall flee from justice, and be found in another state, shall, on demand of the executive authority of that other state, be delivered up and removed to the state having jurisdiction of the crime." In short, it is fundamentally true that the jurisdiction of a federal court in one state is as distinct from that of a like court in another state as the jurisdiction of the

supreme court of Pennsylvania is distinct from that of the supreme court of Virginia. Section 1014 of the Revised Statutes of the United States was enacted in order to effectuate, so far as it should lie in the province of the United States courts to do so, this provision of the constitution. The terms of the section, though general, must be construed with reference to the constitutional provision which it was designed to carry into effect. The judges and other officers of the United States courts act, in respect to crimes committed in other states than their own, essentially in a character ancillary to the authorities of the jurisdiction in which the crime was committed. In order to the exercise even of this ancillary jurisdiction, it is essential that the person accused of the extraterritorial crime must be "demanded" by the authorities of the locality of the crime, and must himself have "fled from justice." There is nothing in the case of this defendant to give it the character of flight from justice, and of demand for him from the jurisdiction of the alleged crime. As there can be no original indictment for such crime here, so there can be no original complaint entertained against him here. Whatever is done—all that is done—here must be essentially ancillary in character. We must know from the authorities of the locality of the crime, in the form of *demand*, that a prosecution is on foot in that jurisdiction, and that the defendant is in flight from there, or is at least evading their process. The proper course for the complainant in this case to have taken was to have gone to Pennsylvania and made or have sent his complaint there, and caused a demand to be made from there for his arrest here. In that condition of affairs it would have been competent for this court and its officers to have made arrest, and proceeded under the provisions of section 1014. The prisoner is discharged; but this will not prevent the institution of proceedings in Pennsylvania, and a demand of him for trial there. It does not appear that he is endeavoring to escape from this district. It is true that cases constantly occur in which the authorities of one state arrest persons believed to be charged with offenses committed in another, and hold them until formal demand is made with proper documentary authorization. But it is never pretended that such action is *stricti juris*. It originated in that spirit of comity which subsists between judicial tribunals, and is justified by the necessity for prompt action which exists in most of the cases of flight from justice and evasions of process. In the case under consideration the accused is not a fugitive, and no necessity exists for holding him in custody.