### UNITED STATES v. NEWTH.

(District Court, W. D. Washington, N. D. November 27, 1906.)

No. 3,349.

1. CRIMINAL LAW—OFFENSES COMMITTED ON HIGH SEAS—DISTRICT OF JURIS-
DICTION.

    A District Court of the United States is not deprived of jurisdiction to·
try· a defendant, arrested within the district, charged with the commis-
sion of an offense on board an American vessel on the high seas, under
Rev. St. § 730 [U. S. Comp. St. 1901, p. 585], which provides that such of-
fenses shall be cognizable in the district where the offender is found or
into which he is first brought, because such defendant was first arrested
in Alaska, the courts of which are not vested with jurisdiction to try
offenses not committed within their territorial jurisdiction.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §
183.]

2. COURTS—DISTRICT COURTS FOR ALASKA—JURISDICTION.

    The District Court for the District of Alaska, created by Organic Act
1884, c. 53, 23 Stat. 24, if not abolished, was 'supplanted by the courts cre-
ated by the Alaska Code (Act June 6, 1900, c. 786, 31 Stat. 321), and their
jurisdiction is limited by the provisions of such Code.

Indictment for a Crime Committed on the High Seas. Founded up-
on Act Cong. February 9, 1889, c. 120, 25 Stat. 658 [U. S. Comp. St.
1901, p. 3630]. Heard on special plea and objection to the jurisdiction
on the ground that the defendant was first arrested in Alaska. Plea
overruled.

Potter C. Sullivan, U. S. Dist. Atty., and Henry M. Hoyt, Sp. Asst.
U. S. Atty.

Bard & Fenton, for defendant.

·HANFORD, District Judge. The indictment in this case charges
the commission of· a crime on board an American vessel on the high
seas within the admiralty and maritime jurisdiction of the United
States, out of the jurisdiction of any particular state or district, and
that this is the district into which the defendant was first brought and
arrested. After his arraignment, the defendant filed a plea in abate-
ment, alleging that he was arrested in Alaska and there charged with ·
the same crime, and that the District Court for the Second Division.
of Alaska is the only court which has jurisdiction of the case.

Section 730, Rev. St. U. S. [U. S. Comp. St. 1901, p. 585], pre-
scribes that offenses committed on the high seas and within the admiral-
ty and maritime jurisdiction of the United States shall be cognizable·
in the district where the offender is found or into which he is first
brought, and I hold that a district, within the meaning of this law,.
is not a mere geographical division of country, but a judicial district
defined by an act of Congress, pursuant to the constitutional require-
ments that criminal prosecutions shall be in the state and district in
which the offense shall have been committed, which district shall have
been previously ascertained by law; but, when the offense was not
committed within any state, the trial shall be at such place or place

as the Congress shall have directed. Jones v. U. S., 137 U. S. 202, 11 Sup. Ct. 80, 34 L. Ed. 691. By the record it appears that on a preliminary examination before a United States commissioner in Alaska, the defendant was held to answer before this court for the crime for which he is here charged, that he gave bail for his appearance, and that he was arrested in this district for the same crime on a warrant issued by this court, upon the record transmitted from the commissioner in Alaska, and that in obedience to an order of this court he has given additional security for his appearance, when required, until he shall be discharged. He has not been arrested in, nor brought into, any other judicial district of the United States. The existing courts in Alaska are not by any act of Congress vested with jurisdiction to try accused persons for crimes defined and made punishable by the general laws of the United States, not committed within the territorial limits of Alaska, and the plea fails to allege that the place of the offense specified in the indictment is within Alaska. I must hold the plea to be insufficient, for the reason that the facts alleged therein are, if true, insufficient to authorize any court in Alaska to take cognizance of the case; that is, to try the defendant and punish him if he should be convicted.

In saying that the existing courts of Alaska are not vested with jurisdiction of the case, I have not overlooked the argument made in behalf of the defendant, based upon the act of Congress of 1884, providing a civil government for Alaska. 23 Stat. 24, c. 53, 1 Supp. Rev. St. U. S. 1891, p. 430. This statute, for convenience, will, when hereafter mentioned, be called the "Organic Act." The third section provides:

"That there shall be, and hereby is, established a District Court for said district, with the civil and criminal jurisdiction of District Courts of the United States, and the civil and criminal jurisdiction of District Courts of the United States exercising the jurisdiction of Circuit Courts, and such other jurisdiction, not inconsistent with this act, as may be established by law."

That court, however, was supplanted, if not intentionally abolished, by the Alaska Code, enacted by Congress June 6, 1900 (31 Stat. 321, c. 786), which divided Alaska into three divisions, and created a new District Court, with a judge to preside in each of the three divisions, and defined the jurisdiction of the new court. The last section of the Code repeals all laws inconsistent with its provisions, and as the broader provisions of the organic act by which jurisdiction was conferred are inconsistent with the more limited jurisdiction defined by the Code, there can be no justification for assuming that the jurisdiction vested by the organic act was transferred to the existing courts by judicial construction of the laws. The opinion of the Circuit Court of Appeals for the Ninth Circuit in the case of Tornanses v. Melsing, 106 Fed. 779, 45 C. C. A. 615, expresses the view of that court on the point, to the effect that the Code abolished the District Court for Alaska created by the organic act.

The crime charged is cognizable in this court, and, as the Alaska courts have not jurisdiction of the case, it follows that by virtue of section 730, Rev. St. U. S., this is the proper district for the defend-

ant's trial, and this court cannot avoid the responsibility of proceeding with the case according to law to a final determination on its merits.

The plea in abatement is overruled.