### UNITED STATES v. BINK et al.

No. C–16937.

District Court, D. Oregon.

Sept. 30, 1947.

Henry L. Hess, U. S. Atty., Edward B. Twining and J. Robert Patterson, Assts. U. S. Atty., all of Portland, Or., for plaintiff.

Manley B. Strayer, of Portland, Or., for defendant.

JAMES ALGER FEE, District Judge.

The Grand Jury in and for the District of South Dakota, sitting at Aberdeen in the Northern Division, returned into the United States District Court there an indictment charging that Colleen Schwindt had forged a receipt for payment of payee on a postal money order at the City of Sioux Falls in the County of Minnehaha in the Southern Division of that District. The cause was later transferred to the Southern Division for trial by order dated February 20, 1946. The defendant was arrested in Oregon. Later she signed a written document in which it was set up that she wished to plead guilty in this District. The orginal indictment was thereupon, by consent of the United States Attorneys of both Districts, forwarded from South Dakota and filed here. The United States Attorney for this District then asked the Court to receive the plea of defendant and if she should plead guilty, as indicated, to enter a judgment of conviction and to pronounce sentence.

Rule 20, Federal Criminal Rules of Procedure, 18 U.S.C.A. following section 687, expressly authorizes the transfer of the indictment under such circumstances. Indeed, it is contended that the rule has the force and effect of a statute not only to compel the transfer of the indictment, for which it expressly provides but also to compel the judge to receive the plea and enter judgment thereon, notwithstanding there is

no express provision in the rule or any statute to that effect.

The theory is that the rule deals only with venue. Therefore, it is contended, neither the judges of the court where the indictment was originally returned nor those of the court in which defendant chooses to be arraigned and have the indictment sent, have any control over the proceeding. It is intimated that only the defendant and the prosecutors are interested. The implications of this theory are far-reaching. Since the district court of South Dakota has not been afforded the opportunity, this court will, before receiving or entering the plea, passing judgment or pronouncing sentence, examine the foundations of jurisdiction.

If venue solely is involved and there are no jurisdictional implications the matter is personal to defendant. Such a privilege of defendant, whether conferred by custom, statute or the Constitution, might well be waived by going to trial without objection. In civil proceedings, almost universally the right to have the action brought in a different locality or a different court is lost by any move which indicates consent to proceed in the court where it is brought.

It is urged that there are certain analogies which are persuasive that the place of trial in a criminal case is a purely personal privilege. In general these are: (1) waiver of the right of jury trial, (2) venue in criminal cases in state courts, (3) venue in criminal cases in federal courts which is not prescribed by the Constitution, and finally (4) cases in the federal courts where the indictment could have been brought in two different district courts. However it will appear from the analysis hereafter that such pretended parallels are fallacious. None justify the assumptions upon which the Rule is based.

█ The vital distinction between such cases and that at bar is that the place of indictment, trial and sentence in the state and district where the act was committed is part of the jurisdictional structure of each of the federal trial courts. A brief summary will show that none of the supposed analogies are valid.

First, the right of trial by jury whether in civil or criminal proceedings has always been held subject to waiver by defendant. The defendant waives his privilege by a plea of guilty, but this does not destroy the power of the court to proceed to judgment and sentence. In Patton v. United States [1] it is pointed out from an historical standpoint that the presence of a jury was never a prerequisite to a valid judgment in either a criminal or a civil case. Since the right of jury trial was thus personal it could be waived and was waived before the federal government was founded.

The defendant may also waive other guarantees provided for him such as qualification of talesmen for jury duty, protection against double jeopardy, confrontation by witnesses, speedy trial, representation by counsel, protection against unlawful searches and seizures. On the other hand, until this rule was passed there was no precedent in the history of the federal government for indictment, trial and judgment of conviction in any other state and district than the state and district in which the crime was committed. The sophistry of the argument that if trial by jury can be waived then the place of a trial which is actually held can also be waived, is apparent. If place can be waived, presence of a judge can be waived, and of a tribunal which has jurisdiction. Second, under the decisions of many states criminal venue is a privilege of the defendant, but this circumstance establishes no precedent in the federal system, for state courts are looked upon as a unity, and furthermore, they have general jurisdiction. Until the contrary appears, jurisdiction of a state tribunal is presumed. Therefore, provisions as to the particular division of the court in which a cause shall be tried, or provisions of venue, whether statutory or constitutional in character, do not establish the jurisdiction of the court, and may be waived by a defendant.[2]

---

[1] Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263.

[2] A particularly lucid explanation of the state cases is found in note Venue in Criminal Cases—Waiver, 137 A.L.R. 686, 696: "By way of comment, it may be noted that an absolute right to be tried in the county or district in which the offense was committed may inhere

■ The reason for differentiation has been stated innumerable times since the adoption of the federal Constitution. The states are sovereign and have all residual powers not abstracted or limited by the fundamental federal law. On the other hand, the United States is a government of delegated powers. The federal district courts have limited powers from which Congress may substract with impunity but to which even Congress may add only within the boundaries set.

■■ Thirdly, even in the federal system where one court has jurisdiction of the offense, waiver of formalities such as exact place of trial is also valid. One court has jurisdiction over each district and the divisions thereof. The latter are generally simply devices of conveniences.[3] Indictment and trial respectively may be by statute in different places or divisions without transfer of jurisdiction from the specific district court in a particular case. This is true also where a new district has been created by partition of an existing district. Cases which are based on waiver under such circumstances are sound,[4] but they have no application to the situation here, where two separate district courts are involved. Where by federal statute a criminal case is required to be tried at a particular locality and trial is held in another, but in the court of the state and district which had jurisdiction over the place of commission, the matter may be waived by defendant with consent of court.[5] The reason for this is that the provision for venue does not affect jurisdiction.

■ Each of the federal district courts has been specially created pursuant to the authorization contained in the Constitution. These tribunals are separate. These are not branches of one nation-wide district court. Essentially the same problem is involved in a transfer of a criminal case pending in the state court of South Dakota

---

in an accused where constitutional or statutory provisions expressly prescribing and defining the jurisdiction of the courts are such that the general jurisdiction of each court empowered to try those charged with crime extends only to offenses committed within the territorial limits of the county or district for which the court is constituted, so that the court is not empowered to exercise jurisdiction over the subject matter of an offense committed in another county or district. Inasmuch as jurisdiction of the subject matter usually cannot be conferred by consent, nor be waived (see 14 Am.Jur. 917, Criminal Law, Sec. 214), it would appear that, where the general jurisdiction of the trial court is so limited to the confines of the county or district for which it is constituted, the objection that the offense was not committed within the county or district would go to the jurisdiction of the subject matter and could, therefore, be raised at any time. So too, it would appear that an accused's right as to place of trial, arising under provisions limiting the trial court's general jurisdiction of crimes to offenses committed within the county or district, could not be waived. This question, however, seems not to arise in practice, probably because of the fact that where a court is absolutely without and cannot legally take jurisdiction of the subject matter of an offense committed in another county or district, the accused ordinarily bases his attack directly upon want of jurisdiction of the subject matter and has no occasion to resort to or rely upon his actual or constructive right to be tried in the county or district wherein the offense was committed."

[3] Congress has regularly permitted transfer of civil and criminal causes within a division because there the same court had jurisdiction. 28 U.S.C.A. § 120; 28 U.S.C.A. § 114; 28 U.S.C.A. § 119. See Salinger v. Loisel, 265 U.S. 224, 235, 44 S.Ct. 519, 68 L.Ed. 989; 28 U.S.C.A. § 153: " * * * 2. * * * A grand jury summoned to attend a term of court held in any division of either of the districts as above provided, may investigate and find an indictment or make a presentment for any crime or offense committed in the district, whether or not the crime or offense was committed within the division in which the jury is in session."

[4] Marvel v. Zerbst, 10 Cir., 83 F.2d 974.

[5] 28 U.S.C.A. § 101; United States v. Parker, D.C., 19 F.Supp. 450, pays no attention to the fact that there is a difference between the venue set by a statute and the jurisdiction of a court limited by the Constitution. The opinion is confusing. See United States v. Cornell, Fed.Cas.No.14.868; Brown v. United States, 5 Cir., 257 F. 46, reversed on other grounds, 256 U.S. 335, 41 S.Ct. 501, 65 L.Ed. 961, 18 A.L.R. 1276.

to the state court of Oregon.[6] It is true different sovereignties are offended there whereas here there is only one, but the transfer of jurisdiction from a court of South Dakota to a court of Oregon is essentially the same. The federal Constitution preserves the state entities. These cases then do not support the transfer of jurisdiction of one federal district court to another.[7] Nor do they support the proposition that a federal court sitting in one state and district may found judgment and sentence on an indictment found in another state and district.

Finally, there are some dicta by the federal Circuit Courts of Appeals that place of trial in a criminal case is personal to defendant and may be waived. In each instance the indictment under consideration was returned in the district where trial was held and judgment pronounced and where the court of that district so acquired jurisdiction of the particular cause.[8] In each instance also the defendant could have been indicted, tried and sentenced in either the district where trial was held or in another district mentioned in the indictment, dependent upon where the indictment were returned. If the indictment did not recite an act done in the district where it was returned,[9] it was defective and should have been dismissed even if the appellate court noticed the point themselves.

■ Restriction as to the place of indictment and trial may be imposed as a jurisdictional limitation upon the court as well as a protection to the accused. Many mechanics of procedure which may be waived under some circumstances become jurisdictional barriers under other conditions.[10] Trespass as to lands within a district and other civil actions local in character can be

---

[6] The illuminating opinion of Judge Charles E. Clark in Weinberg v. United States, 2 Cir., 126 F.2d 1004, 1006, demonstrates the principle, citing the remark of Mr. Justice Lurton at an earlier stage of his career: "Federal courts of different states are undoubtedly foreign courts as to each other in as full sense as are state courts of different jurisdictions." Horn v. Pere Marquette R. Co., C.C., 151 F. 626, 631. "In short, it is fundamentally true that the jurisdiction of a federal court in one state is as distinct from that of a like court in another state as the jurisdiction of the Supreme Court of Pennsylvania is distinct from that of the Supreme Court of Virginia." In re Rosdeitscher, D.C., 33 F. 657.

[7] United States v. Beadon, 2 Cir., 49 F.2d 164, 166, certiorari denied, 284 U.S. 625, 52 S.Ct. 11, 76 L.Ed. 533. On sustaining the district court for refusing an application to change venue, the Circuit Court of Appeals of the Second Circuit said, "It is evident from the foregoing that a judge of the Southern district of New York, which contained no subsections or divisions, had no power to transfer the cause to another district." United States ex rel. Sirchie v. Smith, D.C., 52 F.Supp. 610.

[8] In these cases likewise the crime was one which was indictable in either of two · districts. Hagner v. United States, 60 App.D.C. 335, 54 F.2d 446, · but see the case on appeal, 285 U.S. 427, 429, 52 S.Ct. 417, 76 L.Ed. 861;

United States v. Lotsch, 2 Cir., 102 F. 2d 35, 36; Gowling v. United States, 6 Cir., 64 F.2d 796, 798; McNealy v. Johnston, 9 Cir., 100 F.2d 280, 282; Silverberg v. United States, 5 Cir., 4 F.2d 908, 909; United States v. Strewl, 2 Cir., 99 F.2d 474, 478; United States v. Zeuli, 2 Cir., 137 F.2d 845, 847; Mahaffey v. Hudspeth, 10 Cir., 128 F.2d 940, 942, was decided upon the ground that the statute permitted the indictment to be brought in the state of trial. The subsequent holding on the ground of waiver is weakened by the failure to note the fact that the Supreme Court in Hagner v. United States, supra, did not follow the lower court as to waiver of place of trial and expressly treated the matter as jurisdictional. Certiorari was denied in the Mahaffey case, 317 U.S. 666, 63 S.Ct. 76, 87 L.Ed. 535, but there is no way of determining that the Supreme Court was not simply following their own decision in the Hagner case. See 28 U.S.C.A. § 103.

[9] It is universal practice in federal indictments to allege the occurrence in the state and district.

[10] For somewhat analogous situations, see Bryan v. United States, 10 Cir., 99 F.2d 549; United States v. Chicago Golf Club, 7 Cir., 84 F.2d 914, 106 A.L.R. 209; Lambert Run Coal Co. v. Baltimore & O. R. Co., 258 U.S. 377, 42 S. Ct. 349, 66 L.Ed. 671; Identification Devices, Inc. v. United States, 74 App. D.C. 26, 121 F.2d 895, review denied 315 U.S. 779, 62 S.Ct. 485, 86 L.Ed. 1187.

brought in that district alone,[11] and if the defendant can not be found in the district, the federal courts have no power to act, nor can either party waive the requirement.[12] The limitation is placed by the locality. It would have been inconceivable to the founders that any cause local in character could be tried outside the state of origin. Criminal causes were envisaged as definitely localized.

■ Therefore, although venue is a purely personal choice in the vast majority of cases, there are many situations where the locale is a juridical condition upon the power of the court to act.[13] In such a case where venue in a criminal proceeding is of the essence, it can neither be waived by conduct nor by express words of consent.

■ An examination of the facts will indicate what is the nature of the act of entry of judgment here. The crime is alleged to have been committed in the state and district of South Dakota. Under these circumstances an indictment could not have been returned in the District of Oregon.[14] The indictment was returned into the District Court for the District of South Dakota by a grand jury duly impaneled. By this process jurisdiction was founded in the state and district where the act was committed, and that court obtained jurisdiction of the cause.[15] The person of defendant could have been brought within the ju-

risdiction of that court by removal proceedings. The South Dakota court alone had power at that time to hear and determine the cause. This power constitutes jurisdiction. The Oregon court had then no power to hear or determine the cause.[16] Upon arrest of defendant the Oregon court had power to enforce federal process and remove defendant to South Dakota. Even then there was no authority in the Oregon court to try or sentence the alleged offender.

Thus the South Dakota court had jurisdiction of the particular cause and the Oregon court had none. It is axiomatic that jurisdiction of the same cause can not be in two different tribunals at the same time. The power to hear and determine the cause must have been transferred from the South Dakota court to the Oregon court. The jurisdiction of the South Dakota court must have come in abeyance and that of the Oregon court must have attached, before a valid judgment could be pronounced here.

■ Again the facts must be visualized in order to test the validity of the process. By consent of defendant, an Assistant United States Attorney of the District of Oregon and a United States Attorney of the District of South Dakota, the Clerk of the latter district court transmitted the indictment to the Oregon court.[17]

---

11 Great Western Mining Co. v. Harris, 198 U.S. 561, 575, 25 S.Ct. 770, 49 L.Ed. 1163; McKenna v. Fisk, 1 How. 241, 42 U.S. 241, 11 L.Ed. 117; Weber Showcase & Fixture Co., Inc. v. Waugh, D.C., 42 F.2d 515. See Casey v. Adams, 102 U.S. 66, 26 L.Ed. 52; United States v. Southern Pac. R. Co., C.C., 63 F. 481; Spencer v. Kansas City Stockyards Co., C.C., 56 F. 741.

12 28 U.S.C.A. § 115; Livingston v. Jefferson, 15 Fed.Cas. 660, No. 8,411; Ellenwood v. Marietta Chair Co., 158 U.S. 105, 15 S.Ct. 771, 39 L.Ed. 913.

13 Primos Chemical Company v. Fulton Steel Corporation, D.C., 254 F. 454.

14 United States v. Lombardo, 241 U. S. 73, 36 S.Ct. 508, 60 L.Ed. 897. "An indictment cannot be found in one state of this Union for an offense committed in another." In re Rosdeitscher, supra [33 F. 657].

15 The finding of the indictment is an essential ingredient of the trial. In

State v. Nash, 7 Iowa 347, 365, the word *trial* was held to include the finding of the indictment, the court saying that the word *trial* in its larger sense "includes as well the finding of the indictment against a criminal as the proceedings of the court had after the issue has been determined, and a verdict of the jury rendered."

16 "The judges and other officers of the United States courts act, in respect to crimes committed in other states than their own, essentially in a character ancillary to the authorities of the jurisdiction in which the crime was committed." In re Rosdeitscher, supra [33 F. 658].

17 It may here be noted in passing that the technical difficulties are immense. How does this court recognize the foreman of the Grand Jury of the District of South Dakota? There is not even a certification as to the regularity of the proceedings. Suppose the grand jury had been improperly constituted? Would

No instance of transfer of jurisdiction of a cause, civil or criminal, from one federal court to another sitting in another state has been called to our attention before the adoption of this rule. Jurisdiction for trial once acquired in a federal court is exclusive of all other courts. The district court of South Dakota has not consented to loss of jurisdiction. Actually, the court there affirmed its jurisdiction and sentenced a codefendant on this same indictment. Therefore, if this court obtained jurisdiction, the acquisition was solely by the consent of the litigants. But jurisdiction of the subject matter can not be conferred by consent.[18]

■ If after transfer of the indictment the defendant had uttered a plea of guilty, the plea could not be entered, judgment thereon could not be pronounced, unless there was a tribunal expressly empowered to perform such judicial acts, in this particular case. The jurisdiction of the court to enter the judgment then is the subject of debate, rather than the waiver by a defendant of right of trial in a particular place. If the rule provided the United States Attorney should sentence the defendant it could not be contended that a valid pronouncement could be founded thereon.[19] It must be remembered that the power to enter a judgment of conviction is the keystone of the arch upon which all else depends.

■ In the opinion entitled In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 325, 38 L. Ed. 149,[20] the federal judge sentenced one

properly indicted and convicted to a state penitentiary where the statute prescribed a sentence to a federal institution. The Supreme Court held the sentence void, saying, " * * * in all cases where life or liberty is affected by its proceedings, the court must keep strictly within the limits of the law authorizing it to take jurisdiction, and to try the case, and to render judgment." And again it is there said that the jurisdiction of a court in criminal cases can not "be enlarged by any mere inferences from the law, or doubtful construction of its terms."

But Rule 20 does not expressly withdraw jurisdiction over the crime from the district court of South Dakota where the indictment was found. Neither does the rule in words give the district court of Oregon jurisdiction over the crime or the indictment. It simply provides "the clerk of the court in which the indictment * * * is pending shall transmit the papers * * * to the clerk of the court for the district in which the defendant is held and the prosecution shall continue in that district."

Jurisdiction is never conferred by implication. There is here no definite creation of jurisdiction in this court to pass judgment based upon an indictment returned in a federal district in another state. Clearly this process transcends procedure and must be authorized in express language. Where an attempt was made to prevent a district court of a district which had been divided from exercising jurisdiction origi-

this court have power to examine its jurisdiction? Does the case remain on the docket of the indicting court when the indictment has been sent away? Can the indicting court dismiss the indictment after the indictment has been sent away? Should the Clerk of the indicting court request the judge for advice before sending the indictment away? It is to be noted that these technical difficulties are so glaring that the Conference of Senior Circuit Judges has a committee considering phases of the situations which the rule, if valid, creates.

[18] As was said by Judge Leavy: "The demurrer to the indictment presents an issue of far-reaching importance because it is elementary in criminal law that if the court is without jurisdiction of the subject matter its proceeding is a nullity. Even the consent of the accused can not

confer jurisdiction, and it is an issue that can be made at any stage of the proceedings, or raised after conviction and execution of judgment by way of Writ of Habeas Corpus." United States v. Anderson, D.C., 60 F.Supp. 649, 650, reversed on other grounds 328 U.S. 699, 66 S.Ct. 1213, 90 L.Ed. 1529.

[19] Judgment and trial before a tribunal which was not given jurisdiction of the particular offense is void. McClaughry v. Deming, 186 U.S. 49, 22 S.Ct. 786, 46 L.Ed. 1049.

[20] The consequence of this holding was simply that defendant was remanded for the imposition of an appropriate sentence. The result in this case or any similar case is that defendant would simply upon discharge by habeas corpus be remanded to South Dakota for sentence by a tribunal having jurisdiction.

nally possessed, the Supreme Court say, "When there are statutes clearly defining the jurisdiction of the courts, the force and effect of such provisions should not be disturbed by a mere implication flowing from subsequent legislation * * * the effort is to destroy a jurisdiction otherwise clearly existing, by mere inferences and doubtful construction." Rosencrans v. United States, 165 U.S. 257, 17 S.Ct. 302, 304, 41 L.Ed. 708.

Therefore, if defendant Schwindt were sentenced here and served the term, she could thereafter be put on trial in South Dakota whenever found there. There would be no double jeopardy.

█ Jurisdiction of a federal court to enter a judgment must always be found in the written word of the Constitution, treaties or statutes of the United States. The power of a federal court to exercise authority upon a particular subject matter can never be presumed.[21] Such jurisdiction must be found in express grant. The federal courts have no common law criminal jurisdiction.[22] Nor have these tribunals power to punish criminal offenses punishable in admiralty without express grant.[23]

█ The government of the United states has by grant only certain specified powers.

"It is well settled that as the jurisdiction of a circuit court of the United States is limited in the sense that it has no other jurisdiction than that conferred by the constitution and laws of the United States, the presumption is that a cause is without its jurisdiction, unless the contrary affirmatively appears, and that it is not sufficient that jurisdiction may be inferred argumenta-tively from averments in the pleadings, but the averments should be positive."[24]

In all courts of the United States the presumption is that a cause is without its jurisdiction until an express grant is shown.

█ The preview of the facts has shown that the process involved is essentially jurisdictional. It has been proven that this jurisdiction can not be given the court by consent. Likewise it has been shown that Rule 20 does not expressly confer jurisdiction on this court. It is then contended that Congress has granted to each district court including the Oregon district court, jurisdiction "of all crimes" against the United States.[25] But this jurisdiction given by the statute has already been fulfilled when the district court of South Dakota received the indictment returned by the Grand Jury of the district. No act of Congress is cited whereby jurisdiction of this particular case once so acquired could be surrendered and the jurisdiction of the Oregon district court attach.

█ Furthermore, jurisdiction over crimes was only conferred on district courts under this statute "subject to the controlling provisions of the Constitution".[26] It is proved heretofore that the Constitution provided a dual form of government with express powers granted to the general government and all residual powers reserved to the states. The fundamental document also recognized the right of the several states to have crimes against the federal government committed within their respective boundaries tried in the particular state. The Constitution provided for a federal judicial district theretofore unknown, which should be a juridical en-

---

[21] A United States District Court is only a court of limited jurisdiction, with such powers as specially conferred by statute. United States v. McKay, D.C., 45 F.Supp. 1007.

[22] United States v. Hudson and Goodwin, 7 Cranch 32, 3 L.Ed. 259; United States v. Coolidge, 1 Wheat. 415, 4 L. Ed. 124.

[23] United States v. New Bedford Bridge, 1 Woodb. & M. 401, 27 Fed.Cas. 91, No. 15,867. "Locality in crimes, as in torts, has ever been considered the chief test of admiralty jurisdiction."

[24] Hanford v. Davies, 163 U.S. 273, 279, 16 S.Ct. 1051, 1053, 41 L.Ed. 157. See Kline v. Burke Construction Co., 260 U.S. 226, 233, 234, 43 S.Ct. 79, 67 L. Ed. 226, 24 A.L.R. 1077; Bors v. Preston, 111 U.S. 252, 255, 4 S.Ct. 407, 28 L.Ed. 419.

[25] 28 U.S.C.A. § 41, "The district courts shall have original jurisdiction as follows: * * * (2) Crimes and offenses. Second. Of all crimes and offenses cognizable under the authority of the United States."

[26] Patton v. United States, supra [281 U.S. 276, 50 S.Ct. 258].

tity, within the boundaries of a particular state. Jurisdiction of a court for such a creation neither transcended the territorial boundaries laid down nor those of the state within which it was situate.

 Article III of the Constitution, Sec. 2, clause 3, provides: "The Trial of all Crimes * * * shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed."

It is then provided in the amendments: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, * * * nor be deprived of life, liberty, or property, without due process of law; * * *" (Amendment V.) "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; * * *." (Amendment VI.)

It will be noted that the constitutional provisions build into the structure of the federal courts the proposition that indictment and trial must be in the state and district where the act was committed.[27] The statute above referred to which gives jurisdiction over crimes to the district courts could not, subject to the constitutional limitations just quoted, have conferred power upon a district court to hear and determine a charge of crime in another state and district.[28] Neither could this statute or any other permit a district court to entertain proceedings initiated by indictment brought in another court sitting in another state and district. Finally, once jurisdiction had attached to the court of the vicinage, even Congress could not transfer power to pronounce judgment to a federal court in a different state.

The feeling for indictment and trial in the locale where the act was committed is entirely realistic. All law enforcement is conditioned by the mores of the community in which the act took place. The place of residence of a defendant has, on the other hand, no essential relation to the problem.[29] Therefore, trial at the residence of accused has never been prescribed. The feeling for indictment and trial in the vicinage pervades our institutions and has deep roots. One of the grievances of the Declaration of Independence is *"For transporting us beyond Seas to be tried for pretended offenses"*.

Section 1 of this same act, which gives jurisdiction in criminal cases, gives the district courts jurisdiction "of all suits of a civil nature, at common law or in equity * * *". Notwithstanding this language as before noted a district court of the

---

[27] Congress may extend geographical jurisdiction of a district court in civil cases, but it has not attempted to do so in criminal matters, presumably because of the provision of this clause requiring trial of all crimes in the state and by provision of the Sixth Amendment requiring trial in the state and district where committed. Weinberg v. United States, supra.

[28] 28 U.S.C.A. § 41(2). This statute originally confined the district judges to crimes committed in the state and district. Circuit courts were given jurisdiction over "all crimes" against the United States concurrent with the district courts. When the act was amended in 1911 and the circuit courts abolished, the phrase was transferred to the district courts. But the circuit courts had jurisdiction concurrently with several districts at first over crimes committed within their respective boundaries and thus the phrase meant that such courts had power over all crimes committed against the United States and triable in any district over which the circuit court had jurisdiction. Likewise this phrase was to give the circuit courts jurisdiction over crimes not committed in any district. It has never been construed to give either a circuit or district court power to try a criminal cause outside a district where the crime was committed and the indictment returned. The courts have always acted upon the conviction that the trial courts have no power to receive an indictment, try a case or pronounce sentence outside the district where the crime was committed.

[29] United States v. Johnson, 323 U.S. 273, 65 S.Ct. 249, 89 L.Ed. 236; Armour Packing Co. v. United States, 209 U.S. 56, 77, 28 S.Ct. 428, 52 L.Ed. 681.

United States sitting in the state of Oregon has no power to adjudicate a controversy regarding titles or possession of real property in South Dakota, even though there is diversity of citizenship and jurisdictional amount present. Although the Constitution does not expressly mention the limitation, such jurisdiction can not be conferred by consent.

The Act just referred to gives jurisdiction to the lower federal courts to try civil cases, where there is diversity of citizenship between the parties, thus expressly incorporating the language of the fundamental document. This element must be present or the federal courts lose jurisdiction. In the absence of the fact, this element can not be supplied by the agreement or the consent of the parties because it is a limitation upon jurisdiction. If the clauses were omitted from the Act, the limitation would be present. It can make no difference that the constitutional clogs were not written into the Act in respect to criminal cases. It is true Congress has liberalized the limitation of these clauses of the Constitution by defining crimes which are triable in one of several different districts by virtue of the commission of some act connected with the crime in each of such districts.[30] In discussing a case in which Congress had exercised its power to permit trial in several districts because of occurrence in each of a portion of a continuing act, the Supreme Court expressed feeling for indictment and trial where the actor set the chain in motion, saying: "Questions of venue in criminal cases, therefore, are not merely matters of formal legal procedure. They raise deep issues of public policy in the light of which legislation must be construed. If an enactment of Congress equally permits the underlying spirit of the constitutional concern for trial in the vicinage to be respected rather than to be disrespected, construction should go in the direction of constitutional policy even though not commanded by it."[31]

For crimes which are not committed in any state the Constitution expressly provides the trial shall be in such place or places as the Congress may by law have directed. The cases which have construed this section show that the statutes are jurisdictional.[32] In Ex parte Bollman, 4 Cranch 75, 135, 2 L.Ed. 554, Bollman was committed in the District of Columbia for treason by levying war. He brought habeas corpus. The court in holding that the writ should issue, said: "That both of the prisoners were engaged in a most culpable enterprise against the dominions of a power at peace with the United States, those who admit the affidavit of General Wilkinson can not doubt. But that no part of this crime was committed in the district of Columbia, is apparent. It is, therefore, the unanimous opinion of the court that they can not be tried in this district."

It has thus been established by the foregoing that the Constitution forbids indictment, trial and judgment in a criminal case in any state and district except where the crime was committed. The matter is of jurisdictional structure of the particular court. Rule 20 does not provide that the Oregon court may pronounce judgment. No statute of the United States provides for a transfer of jurisdiction to the Oregon district court after initiation of the cause in the state and district directed by the Constitution.[33] The distinction between the states is fundamental in the governing document.

These propositions are borne out by a continuous course of legislative construction since the foundation of the government. Rather than mere geograph-

---

[30] In re Palliser, 136 U.S. 257, 10 S.Ct. 1034, 34 L.Ed. 514; Horner v. United States, 143 U.S. 207, 12 S.Ct. 407, 36 L.Ed. 126; Burton v. United States, 202 U.S. 344, 387–389, 26 S.Ct. 688, 50 L.Ed. 1057, 6 Ann.Cas. 362.

[31] United States v. Johnson, supra, 323 U.S. at page 276, 65 S.Ct. at page 251, 89 L.Ed. 236.

[32] Jones v. United States, 137 U.S. 202, 211, 11 S.Ct. 80, 34 L.Ed. 691; United States v. Bevans, 3 Wheat. 336, 390, 391, 4 L.Ed. 404; United States v. Arwo, 19 Wall. 486, 22 L.Ed. 67.

[33] Venue of altering stolen Liberty bonds could not be laid in district of theft without proof of alteration in that district. Conley v. United States, 4 Cir., 23 F.2d 226.

ical divisions,[34] Congress created the juridical entities demanded by the phrase of the Constitution requiring trial of a criminal case to be in a "district". No inferior trial court with general jurisdiction, irrespective of territorial limitations, thus was created. Instead jurisdiction was coextensive with boundaries. Since the constitutional language indicates there should be districts included in the states, the legislature has never created such a federal district which crossed over the boundary of a state. The statutes have given each of the district courts a territorial boundary beyond which none of its judges can exercise power. Congress has created separate courts for each state usually by a special act. There is no act creating a unified federal district court with national jurisdiction with specified subdivisions. As above noted, the district courts are recognized as tribunals of the particular states in which they respectively are situate. Congress has never passed an act which permits judgment to be passed in one district and state upon an indictment found in another.[35] The courts have likewise construed the limitation.[36] Neither the district courts [37] nor the judges [38] thereof possesses extraterritorial jurisdiction.

It has heretofore been noted that Congress has authorized the tranfer of criminal causes from one division of a district to another because only one court is there involved. There is therefore no jurisdictional problem. The transfer of criminal causes from one court to another is permitted when one court is destroyed or divided [39] and another is erected in the same territory and within the same state. However, Congress may make trial in the division where the crime is committed jurisdictional, although since indictment is returned into the same court it may be found in a different division.[40]

Congress had no authority to act otherwise than this legislation indicates. The committee which formulated the Criminal Rules in the first instance treated this rule as a matter of personal privilege of defendant, and attempted to relieve a hardship which occurs where arrest is made in a district distant from the forum of indictment. Inadvertently the jurisdictional elements were apparently not investigated. The accompanying notes did not call to the attention of the Congress that here a radical departure was made from the legislative pattern of one hundred and fifty years. It can not be conceived that had it been brought pointedly to the attention of Congress that here was a blurring of the distinction between the states and the federal government that this rule would have lain in Committee without objection.

 It is contended that Congress has reversed this current by permitting the Supreme Court to legislate upon it. Congress could not confer, nor could the Supreme Court exercise the authority to ordain and establish "inferior federal courts" and fix the jurisdiction thereof which pow-

---

[34] United States v. Newth, D.C., 149 F. 302.

[35] It is doubtful whether the recent statutes couched in cryptic language contemplate trial on an indictment returned in another district. 18 U.S.C.A. § 338a (d) and 18 U.S.C.A. §. 408d (d). In any event no authority is conferred upon such a court to pronounce judgment. If this is contemplated, the statutes would probably be void. It is probable the proviso was enacted in the amendment to carry out the rationale of the constitutional clauses and require trial where the defendant committed the act. The language of the Act could be fulfilled by dismissing the indictment and obtaining one in the district where the letter was written.

[36] Toland v. Sprague, 12 Pet. 300, 9 L. Ed. 1093; United States v. Alberty, Fed.

Cas.No.14,426; Ex parte Graham, 10 Fed.Cas.911, No.5,657; Wilson v. Graham, Fed.Cas.No.17,804; Cox v. Maddux, 72 Ind. 206; Weber Showcase & Fixture Company, Inc., v. Waugh, supra; Ernest v. Fleissner, D.C., 38 F.Supp. 326; Reconstruction Finance Corp. v. Maley, 7 Cir., 125 F.2d 131; Charge to Grand Jury, 1 Sprague, 602, 30 Fed.Cas. No.18,273. See also Charge to Grand Jury, 2 Sprague, 285, Fed.Cas.No.18,277.

[37] Apart from specific exceptions created by Congress the jurisdiction of the federal courts is territorial. State of Georgia v. Pennsylvania R. R. Co., 324 U.S. 439, 65 S.Ct. 716, 89 L.Ed. 1051.

[38] Weinberg v. United States, supra.

[39] Lewis v. United States, 279 U.S. 63, 49 S.Ct. 257, 73 L.Ed. 615.

[40] Post v. United States. 161 U.S. 583, 16 S.Ct. 611, 40 L.Ed. 816.

er was given to Congress alone by the Constitution. Suffice it to say Congress gave the Supreme Court "power to prescribe * * * rules of pleading, practice, and procedure * * * in criminal cases in district courts of the United States." 18 U.S.C.A. § 687. Unless the transfer of jurisdiction from one court to another is governed by rules of pleading, practice and procedure, the statute was of no avail.[41]

It is said the Supreme Court by adopting the rule has foreclosed inquiry upon this point. It is said they have interpreted this transfer of jurisdiction to be a merely procedural process. Mr. Justice Brandeis said that admiralty rules for the district courts must be interpreted "in the light of the established admiralty jurisdiction, of the general principles of maritime law, and of the appropriate function of rules of court. * * * Most rules are merely a formulation of the previous practice of the courts."[42] The committee who are the real legislators frankly say that the rule was no formulation of previous practice, but make the comment, "This rule introduces a new procedure in the interest of defendants who intend to plead guilty and are arrested in a district other than that in which the prosecution has been instituted."[43]

An experiment in jurisdiction should have been initiated in Congress where the policy could have been debated. If it were judicial statesmanship to wipe out state boundaries and to create a unified trial court in the United States instead of separate district courts whose jurisdiction is limited by state boundaries, the reinterpretation of the words of the Constitution should have been done deliberately.

■ Again it is said: "But no rule of court can enlarge or restrict jurisdiction. Nor can a rule abrogate or modify the substantive law. * * * It is true of rules of practice prescribed by this court for inferior tribunals, as it is of those rules which lower courts make for their own guidance under authority conferred."[44]

This principle has recently been affirmed, speaking of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c: "There are other limitations upon the authority to prescribe rules which might have been, but were not mentioned in the Act; for instance, the inability of a court, by rule, to extend or restrict the jurisdiction conferred by a statute."[45]

The Supreme Court has likewise restated these restrictions: "An authority conferred upon a court to make rules of procedure for the exercise of its jurisdiction is not an authority to enlarge that jurisdiction and the Act of June 19, 1934, 48 Stat. 1064, 28 U.S.C. § 723b, 28 U.S.C.A. § 723b, authorizing this Court to prescribe rules of procedure in civil actions gave it no authority to modify, abridge or enlarge the substantive rights of litigants or to enlarge or diminish the jurisdiction of federal courts."[46]

Again it is said: "The fact that this Court promulgated the rules as formulated and recommended by the Advisory Committee does not foreclose consideration of their validity, meaning or consistency."[47]

■ It has been demonstrated above that the jurisdiction to impose a sentence upon an indictment, returned in federal judicial district in another state, has never been conferred upon this court. This court either acquired jurisdiction by force of this rule or the court does not possess the power to act. But the rule must have been in con-

---

[41] A procedural rule can not extend the constitutional powers of federal courts and hence a controversy had by impleading another party must fall within some part of the substantive jurisdiction granted by the Constitution to the court involved. Soderberg v. Atlantic Lighterage Corp., 2 Cir., 19 F.2d 286.

[42] Washington-Southern Nav. Co. v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629, 632, 635, 44 S.Ct. 220, 221, 68 L.Ed. 480.

[43] Committee's Note to Rule 20, Federal Rules of Criminal Procedure.

[44] Washington-Southern Nav. Co. v. Baltimore & Philadelphia Steamboat Co., supra.

[45] Sibbach v. Wilson & Co., 312 U.S. 1, 10, 61 S.Ct. 422, 425, 85 L.Ed. 479.

[46] Chief Justice Stone in United States v. Sherwood, 312 U.S. 584, 589, 61 S.Ct. 767, 771, 85 L.Ed. 1058.

[47] Chief Justice Stone in Mississippi Pub. Corp. v. Murphree, 326 U.S. 438, 444, 66 S.Ct. 242, 246, 90 L.Ed. 185.

formity with the acts of Congress and the enabling act.[48]

█ But even if it were believed that, besides acting in a legislative capacity in approving the rule, the Supreme Court contrary to consistent practice,[49] had passed upon the validity of this jurisdictional novelty and had rendered an advisory opinion thereon, it can not be conceived that they will disregard their own previous decisions upon the same subject.

The Supreme Court of the United States has hitherto consistently held that such provisions were jurisdictional rather than simply of venue. The history of judicial construction squares with that of congressional construction. A district court has never been given this jurisdiction and waiver of the right to object to the jurisdiction of the court has never been permitted. No instance has been called to our attention where a district court, before the adoption of this rule, assumed to accept transfer of jurisdiction, with or without consent of defendant, in a criminal case initiated in another state and district or to pass sentence upon an indictment found in another state and district. As shown above, the committee inadvertently did not call to the attention of the Supreme Court by note or otherwise the jurisdictional features involved. If it can be said that the Supreme Court has already passed upon the matter and sustained the constitutionality of the rule, which can only be sustained by rationalization, the result would only point to the inadvisability of rendering advisory opinions.

█ The Supreme Court has dealt specifically with the jurisdiction of a court in relation to the finding of an indictment, trial and sentence. In an early case it was held that jurisdiction was a question of fact.

"Crimes committed against the laws of the United States out of the limits of a State are not local, but may be tried at such place as Congress shall designate by law, but are local if committed within the State. They must then be tried in the district in which the offense was committed. * * * But in these cases, as we have seen from the constitutional provision referred to, the indictment and trial must be in a district of the State in which the offense was committed." United States v. Jackalow, 1 Black 484, 66 U.S. 484, 17 L.Ed. 225.

There is one square holding by the Supreme Court that a district court has no jurisdiction of an indictment for an offense committed in another state or district. In United States v. Lombardo, D.C., 228 F. 980, the district court of the District of Washington held that an indictment returned there charging the failure to do an act in the District of Columbia was not within the jurisdiction of the court. A demurrer thereto was sustained.

On review the United States Supreme Court said, in United States v. Lombardo, 241 U.S. 73, 36 S.Ct. 508, 509, 60 L.Ed. 897:

"There were two grounds of demurrer: (1) * * * (2) The court was without jurisdiction of the subject matter as the prosecution is in contravention of rights guaranteed by the 6th Amendment.

"The District Court sustained the demurrer on both grounds. We, however, shall confine our decision to the second ground, as that attacked the *jurisdiction of the court*, in that the offense was not committed in the district in which the indictment was found.[50] * * *

"Undoubtedly where a crime consists of distinct parts which have different localities the whole may be tried where any part can be proved to have been done; or where it may be said there is a continuously moving act, commencing with the offender and hence ultimately consummated through him, as the mailing of a letter; or where there is a confederation in purpose between two or more persons, its execution being by acts elsewhere, as in conspiracy. * * * The principle is not applicable where there is a place explicitly designated by law, as in § 6."

---

[48] Melekov v. Collins, D.C., 30 F.Supp. 159; Danoff v. Larson, 368 Ill. 519, 15 N.E.2d 290.

[49] See *Alabama v. Arizona*, 291 U.S. 286, 54 S.Ct. 399, 78 L.Ed. 798; United States v. West Virginia, 295 U.S. 463, 55 S.Ct. 789, 79 L.Ed. 1546.

[50] Emphasis supplied.

The decision of the lower court was affirmed on the ground of lack of jurisdiction.

In Salinger v. Loisel, supra, 265 U.S. at page 232, 44 S.Ct. at page 522, 68 L.Ed. 989, an indictment was returned charging as a crime the mailing of a letter in Iowa and its receipt in South Dakota at a place within a federal judicial division other than that in which the indictment was found but within the same district. The court says:

"Both objections go to the *jurisdiction* of the court before which it is proposed to take and try the accused. One is that under the Sixth Amendment to the Constitution there can be no trial in the District of South Dakota, because the indictment shows that the offense charged was not committed in that district but in a district in Iowa, and the other that, even if the indictment be taken as charging an offense in the District of South Dakota, it shows that it was returned in a division of that district other than the one in which the offense was committed.

"It must be conceded that under the Sixth Amendment to the Constitution the accused cannot be tried in one district on an indictment showing that the offense was not committed in that district; and it also must be conceded that *there is no authority for a removal to a district other than one in which the Constitution permits the trial to be had."* [51]

It is true that the court found that the crime being a continuing one was committed in South Dakota and was properly within the jurisdiction of the district court there.

It is also said that if there were an attempt to remove a cause where one district court had obtained jurisdiction by the return of the indictment the attempt would be futile. However where an indictment is returned in a district court trial may be had in a different division because only districts are within the purview of the constitutional clause.

In Hagner v. United States, supra, it was contended that the indictment found in the District of Columbia charged a crime in Pennsylvania and not in the District. It was likewise contended that the District of Columbia court had no jurisdiction since no crime was alleged to have been committed there. The Supreme Court held that the indictment charged a crime committed in the District and proceeded [285 U.S. 427, 52 S.Ct. 420]: "In view of this conclusion, it becomes unnecessary to consider the further question whether the trial court had *jurisdiction* to try the indictment, if construed as charging the commission of an offense only in Pennsylvania." [52]

The Supreme Court thus still considered the matter jurisdictional [53] in the face of an express challenge in the lower court.

■ In the face of the language of the Constitution, the history of criminal proceedings in this country, the consistent attitude of Congress and the lower courts, together with the decisions of the Supreme Court, this court can not hold that jurisdiction here subsists to enter plea, and pronounce judgment, for a crime committed in another district and state, upon an indictment not found here. [54]

The proceedings are therefore coram non judice.

---

[51] Emphasis supplied.

[52] Emphasis supplied.

[53] This same case in the lower court is most cited for the proposition that this defect can be waived. But the disposition by the Supreme Court is rarely mentioned. The ground chosen by the lower court was waiver of venue in state courts which, as pointed out above, has literally nothing to do with the question of jurisdiction of a federal court.

[54] All attorneys advising clients upon this rule or Rule 21 should remember that the court where the original indictment is returned does not lose jurisdiction to impose sentence. If the Attorney General is dissatisfied with results another sentence may be imposed in the original district or under Rule 21 another trial may be held.

It is unquestioned that notwithstanding the action of this court is void sentence can still be imposed in South Dakota upon the pending indictment, Honaker v. Cox, D.C., 51 F.Supp. 829; Wilson v. Bell, 6 Cir., 137 F.2d 716; Wilfong v. Johnston, 9 Cir., 156 F.2d 507, 510; Coy v. United States, 6 Cir., 156 F.2d 293, 295.

"But several other questions arise, which a court consisting of four judges finds itself unable to decide, and there-

---

fore, as the crime with which the prisoners stand charged has not been committed, the court can only direct them to be discharged. This is done, with the less reluctance, because the discharge does not acquit them from the offence which there is probable cause for supposing they have committed, and if those whose duty it is to protect the nation, by prosecuting offenders against the laws, shall suppose those who have been charged with treason to be proper

objects for punishment, they will, when possessed of less exceptionable testimony, and when able to say at what place the offence has been committed, institute fresh proceedings against them." Ex parte Bollman, supra.