## ZUZIAK v. UNITED STATES.

### No. 9686.

Circuit Court of Appeals, Ninth Circuit.

April 22, 1941.

James B. O'Connor, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before WILBUR, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The appeal is from a judgment of conviction for a violation of the Selective Training and Service Act of 1940, 50 U.S. C.A. § 301 et seq.

The indictment charged that appellant, being a male citizen of the United States of the age of thirty-one years, and under the duty to present himself for and submit to registration under the provisions of § 2 of the Act of Congress known as the Selective Training and Service Act of 1940, 50 U.S. C.A. § 302, on or about the 18th day of October, 1940, upon being discharged from a jail, to wit, the city prison of the City and County of San Francisco, of which he was then an inmate, did then and there unlawfully, knowingly, etc., refuse and fail to present himself for and submit to registration and selective compulsory military training as in the act provided. Appellant demurred to the indictment and his demurrer was overruled. Upon his conviction he moved in arrest of judgment, and the motion was denied.

It is claimed that the court erred in both of these respects in that the indictment fails to charge an offense against the laws of the United States. Appellant's argument is that the act is not effective until such time as the President issues rules and regulations and proclaims the date and place of registration; hence, the indictment is insufficient because it does not plead the issuance of the proclamation and regulations, or charge a violation of them.

We briefly summarize the pertinent provisions of the act and of the regulations. Section 2 makes it the duty of every male citizen or resident alien who, on the day fixed for the first or any subsequent registration, is between the ages of 21 and 36, to present himself for and submit to registration at such time and place as shall be determined by regulations prescribed under the act. By § 10(a) 50 U.S.C.A. § 310(a), the President is authorized to prescribe rules and regulations necessary to carry the act into effect. Section 11, 50 U.S.C. A. § 311, provides that any person who knowingly evades registration or fails or neglects to perform any duty devolving upon him under the act or the regulations, shall, upon conviction of such offense, be subject to fine or imprisonment, or both. Section 14(a), 50 U.S.C.A. § 314(a), provides that every person shall be deemed to have notice of the requirements of the act upon publication by the President of a proclamation fixing the time for registration under § 2.

Pursuant to the power granted, the President by proclamation No. 2425, set October 16, 1940, as the date when persons subject to registration should register. By proclamation No. 8545 the President made additional rules and regulations, one of which provides: "Any inmate of an asylum, jail, penitentiary, reformatory, or similar institution, who is subject to registration, shall be registered on the day of his discharge. The superintendent or warden shall complete the registration card, issue the registration certificate, explain to the registrant his obligations under the selective service law, and mail the registration card to the Governor of the registrant's home State with a receipt to be executed and returned to him."

Thus, at the time specified in the indictment as the date of the commission of the offense, the day of registration had been designated, and specifically the time and manner of registration of those confined in jail. Of this the court takes judicial notice. There was no need to plead the issuance of the proclamation or regulations or to charge in so many words that they were violated; nor would the pleading of them in any way have aided appellant. It is obvious that the indictment fully informed the accused of the nature of the charge so as to enable him to prepare any defense he might have. That is the office of an indictment and nothing more specific in the matter of form is required of it. 18 U.S.C.A. § 556. The indictment states an offense under the statute.

Appellant claims error in the admission in evidence of statements made by him concerning his age. He says these statements were in the nature of confessions and that they were inadmissible because the corpus

delicti had not been established. A proper understanding of his argument requires a summary of the evidence.

Fitzgerald, a San Francisco officer, arrested appellant on October 15, 1940, for some offense not disclosed by the record, and booked him at the Harbor Station of San Francisco. He testified that appellant told him he was 31 years of age and that he was born in Chicago, Illinois. O'Rourke, a sergeant of police assigned to Harbor Station, testified that on the early morning of October 16, 1940, when he booked appellant, the latter gave his age as 31 years and his place of birth as Chicago. Hippely, a sergeant of police, testified that he was the supervising officer of the city prison of the City and County of San Francisco and had taken the oath as a registrar under the Selective Training and Service Act. His oath of office was introduced in evidence and it was shown that he had been assigned as a registrar at the city prison. On October 16, 1940, this witness endeavored to register appellant, but appellant refused to register and stated in effect that the moneyed men and big men of the country were trying to put this country into war and that he was against it. The witness endeavored to register appellant on October 18, after informing him that all charges pending against him had been dismissed and that he had been discharged from the city prison and was free to go. Appellant again declined to register and refused to sign the registration card proffered him. Other members of the police force were present at the time. On the morning of October 18, 1940, appellant was taken into Municipal court and after his return therefrom was advised that all charges against him had been dismissed, that he was discharged from the city prison and was free to go. After being told he was discharged, appellant was again asked to register and again refused. The record of the release from prison was introduced in evidence.

 The government had the burden of proving that appellant was within the prescribed age limits. It could not discharge the burden by the introduction of uncorroborated statements of the accused in the nature of confessions. But appellant's statements concerning his age were made prior to the commission of the offense. They have none of the infirmities of confessions or admissions after the fact; and under the rule announced in Warszower v. United States, 61 S.Ct. 603, 85 L.Ed. —— (February 17, 1941) they were admissible in proof of the corpus delicti. Evidence of the statements of appellant that he was 31 years of age was, if believed by the jury, sufficient to establish this element of the crime.

An assistant United States attorney testified, over objection, that appellant appeared to be of an age somewhere in the late twenties or early thirties. It is said that this was error. If so, the error was harmless. Appellant was present in the courtroom; and it is not thought that the opinion of the witness was of important influence with the jury, who were in a position to form their own judgment of the matter. No evidence on the point was offered by appellant, and in the light of his own undisputed statements we are satisfied that he suffered no prejudice from the admission of the opinion.

Appellant has been vigorously represented throughout by counsel appointed in his behalf. He was given a fair trial and was fairly convicted.

Affirmed.