## UNITED STATES v. COLLURA.

### No. 135.

Circuit Court of Appeals, Second Circuit.

Dec. 21, 1943.

Milo O. Bennett, of New York City, for appellant.

James B. M. McNally, U. S. Atty., of New York City (K. Bertram Friedman, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

The appellant was convicted upon an indictment charging wilful failure to perform a duty required of him under the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix § 311, to-wit, failure to report for induction into the United States Army. In response to an order of his local draft board to report for induction, the appellant appeared at the induction station at the appointed hour but stated that he refused to be inducted unless given a guarantee against compulsory vaccination after he was in the army. He took the stand, and from his testimony it appears that he has long entertained a sincere conviction in opposition to compulsory vaccination. The district judge refused to consider the validity of the Army Regulations regarding vaccination and rightly restricted the issue to whether or not the appellant reported at the induction center prepared to be inducted into the army without qualification. Obviously the duty to report for induction means more than putting in an appearance at the induction station. The selectee must not only appear but must be ready to go through the process which constitutes induction into the army. Admittedly the appellant did not report for induction, but reported for the purpose of making a bargain with the military au-

thorities and entering the army only if the terms agreed upon were satisfactory to his personal views as to vaccination. The trial was conducted with complete fairness and the appeal is without merit. Criticism of the indictment as insufficient to inform the appellant of the charge he had to meet is wholly groundless. Zuziak v. United States, 9 Cir., 119 F.2d 140, 141.

Judgment affirmed.