**UNITED STATES v. ANDERSON.**

No. 15711.

District Court, W. D. Washington, S. D.

June 8, 1945.

J. Charles Dennis, U. S. Atty., and Harry Sager, Asst. U. S. Atty., both of Tacoma, Wash., for plaintiff.

John H. Binns, of Tacoma, Wash., for defendant (appointed by Court).

LEAVY, District Judge

This defendant, Sheldon Maurice Anderson, was indicted by a Grand Jury in this District and Division, the charging part of the indictment being as follows:

"That Sheldon Maurice Anderson, * * on or about the 18th day of April, 1945, at Fort Lewis, in Pierce County, State of Washington, then and there being, did knowingly fail, neglect and refuse to perform a duty required of him under the Selective Training and Service Act of 1940 and the Rules and Regulations issued thereunder, in that he * did then and there refuse to submit to induction and to

be inducted into the Armed Forces of the United States as directed and ordered so to do by Spokane City Local Draft Board No. 2 of Spokane, Washington, the said Local Board then and there having authority to make such order and direction;"

After the defendant was brought into court for arraignment, he being an impecunious person and unable to secure counsel, the Court appointed John H. Binns, Esq., a member of the Tacoma bar, to represent the defendant. Mr. Binns thereafter filed a demurrer to the indictment, challenging it upon two grounds, to-wit:

1. That it does not state facts sufficient to constitute a crime.

2. That the above entitled court has no jurisdiction of the defendant or the subject matter of the action.

■ This matter is now before the court for disposition on the defendant's demurrer, and the first ground thereof is overruled, but the challenge as to the jurisdiction of this court of the offense charged must be sustained.

Specifically, the charge contained in the indictment is that the defendant refused to submit to induction into the Armed Forces of the United States, as directed and ordered so to do by the Spokane City Local Draft Board No. 2, of Spokane, Washington.

■ During the course of the argument on the demurrer, it was developed that the defendant actually responded to the order of induction by the Spokane Local Draft Board, and accompanied a group of draftees from Spokane, Washington, to Fort Lewis, Washington. The court takes judicial notice of the fact that Spokane is not within its jurisdiction, but is located within the jurisdiction of the United States District Court for the Eastern District of Washington. Fort Lewis is located within the jurisdiction of this court. While at the Fort and undergoing the final steps of his induction, the defendant declined to take the oath, unless he were given the assurance that Army regulations concerning vaccination would be waived as to him. Such assurances were denied and he was permitted to return to Spokane, Washington. Subsequently he was indicted in this Judicial District.

It is the contention of the Government that the defendant's failure to submit to induction into the Armed Forces after his arrival within this Judicial District fixed the venue and jurisdiction of the offense herein.

■ Taking the language of the indictment at its face, the precise question presented is: Of what offense is the defendant accused? The Government admits that the defendant is charged with refusing to submit to induction as ordered and directed to do by his Draft Board and then further contends that "induction" is made up of a number of separate steps, and that the final steps necessary to complete it in this case happen to be in this Judicial District by reason of the fact that Fort Lewis is located herein, and that, therefore, this Court has jurisdiction of the offense charged. A careful reading of the Selective Training and Service Act of 1940, and the Amendments thereto, Title 50 U.S.C.A.Appendix § 301 et seq., together with the regulations promulgated under the provisions of the Act, does not sustain this contention. On the contrary, it clearly fixes the jurisdiction of the courts in reference to violations such as here involved, as being in the place where the local draft board is located.

Passing upon this demurrer naturally calls for a construction of the constitutional rights of the defendant under the 6th Amendment providing for trial "by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law," and to give application to this constitutional provision calls for a construction of the Selective Training and Service Act and the Regulations in reference to jurisdiction.

■ The demurrer to the indictment presents an issue of far-reaching importance because it is elementary in criminal law that if the court is without jurisdiction of the subject matter its proceeding is a nullity. Even the consent of the accused can not confer jurisdiction, and it is an issue that can be made at any stage of the proceedings, or raised after conviction and execution of judgment by way of Writ of Habeas Corpus. It is not only a matter of great importance to the individual here involved, but might readily involve a great number of prosecutions that arise by reason of the criminal provisions of the Selective Training and Service Act and Regulations, which call for an interpretation of them in reference to the jurisdictional question here presented. It is for this reason that I have endeavored to examine

carefully the provisions of the Act, itself, and the Regulations to ascertain the intent of Congress in its enactment, and, likewise, the intent of the executive department that promulgated the Regulations, in reference to fixing jurisdiction.

Congress, in enacting this legislation and providing for the penalties, in Section 311, with great particularity provided: "The district court of the United States having jurisdiction thereof," would be the tribunal to try offenses, and that "no person shall be tried by any military or naval court martial in any case arising under this Act unless such person has been actually inducted for the training and service prescribed under this Act."

When we turn to the Regulations, we find Section 601.5, which says:

"A delinquent is a man liable for training and service under the provisions of the Selective Training and Service Act of 1940, as amended, who fails or neglects to perform any duty required of him under the provisions of the Selective Training and Service Act of 1940, as amended, and the Regulations made pursuant thereto."

Section 601.8 provides:

"The term 'induction station' refers to any camp, post, ship or station at which selected men are received by the military authorities, and, if found acceptable, are inducted into the military service."

Section 613.14 reads:

"The local board for the area in which the residence of the registrant is located, *will always have jurisdiction of the registrant.*" (Emphasis added)

Then the Regulations in Sec. 613.21 make the further provision concerning recalcitrants:

"If he is still refractory, his name and the names of the witnesses should be noted and the case immediately reported to the Chairman of the local board, who may report the case to the United States District Attorney."

To me this clearly implies that such report can be made only to the United States Attorney for the district in which the local board is located.

In Regulation 614.47, provision is made for jurisdiction where a person registers more than once, and it is therein provided that unless the registrant has selected one of the local boards for jurisdiction, the reg-

istrant shall be subject to the jurisdiction of each local board having a registration card of such registrant.

Section 629.22 of the Regulations dealing with the forwarding of registrants for pre-induction physical examination provides in Sub-section (e) that:

"The local board shall instruct all registrants in the group that it is their duty to obey the instructions of the leader or assistant leaders during the time they are going to and returning from the induction station; that they will be met by proper representatives of the armed forces when they arrive at the induction station; that while they are at the induction station, they will be subject to and must obey the orders of the representatives of the armed forces; that they must present themselves for and submit to such examination as the commanding officer of the induction station shall direct; that they will be returned to the local board when the examination is completed."

Sec. 633.22, which concerns forwarding registrants for induction, and is directly in point in the instant situation, provides in Subdivision (4) as follows:

"The local board shall instruct all registrants in the group that it is their duty to obey the instructions of the leader or assistant leaders during the time they are going to the place of induction; that they will be met by proper representatives of the armed forces at the place of induction; that while they are at the place of induction they will be subject to and must obey the orders of the representatives of the armed forces; that *they must present themselves for and submit to induction;* that if they are rejected, the representatives of the armed forces will, to the extent prescribed by the regulations of the armed forces, provide transportation and subsistence for their return trip." (Emphasis added.)

Then Sec. 642.41 outlines the duties of the local board in reference to the failure of any of its registrants to submit to its orders, and those duties are:

"Every registrant who has heretofore or who hereafter fails to comply with an order for induction * * shall be reported promptly to the United States Attorney on a Delinquent Registrant Report; provided, that if the local board believes that by reasonable effort it may be able to locate the registrant and secure his compliance, it

may delay the mailing of such Delinquent Registrant Report."

Section 642.42 fixes the duties of the United States District Attorney when such Report is made, and Section 642.44 requires that the local board keep a record of delinquents.

■ From the foregoing quotations of the Regulations, it is clear that this defendant is still within the jurisdiction of his local board in Spokane, Washington, and subject to its further orders and directions, and it follows logically that the "United States District Attorney" referred to in the Regulations can be none other than the United States District Attorney of the judicial district wherein the local board is located.

. There have been numerous decisions interpreting and construing the Selective Training and Service Act and Regulations. I shall refer to only a few of them, as they seem to bear, either directly or inferentially, on this question of jurisdiction.

In Falbo v. United States, 320 U.S. 549, 553, 64 S.Ct. 346, 348, 88 L.Ed. 305, the Court uses the following language:

"In each case the registrant is under the same obligation to obey the order.

But in neither case is the order to report the equivalent of acceptance for service. Completion of the functions of the local boards and appellate agencies, important as are these functions, is not the end of the selective service process. The selectee may still be rejected at the induction center and the conscientious objector who is opposed to noncombatant duty may be rejected at the civilian public service camp. The connected series of steps into the national service which begins with registration with the local board does not end until the registrant is accepted by the army, navy, or civilian public service camp. Thus a board order to report is no more than a necessary intermediate step in a united and continuous process designed to raise an army speedily and efficiently."

This decision has been followed by the more recent case of Billings v. Truesdell, 321 U.S. 542, 64 S.Ct. 737, 88 L.Ed. 917, wherein it quoted the Falbo case to the effect that induction is one continuous process for the selection of men for national service, and then the court said (321 U.S. at page 547, 64 S.Ct. at page 741, 88 L.Ed. 917):

"The examination of men at induction centers and their acceptance or rejection are parts of that process. Induction marks its end. But prior to that time a selectee is still subject to the Act and not yet a soldier. A case involving his rights or duties as a selectee prior to that event is a case arising under the Act. The civil authorities not the military are charged with the duties of enforcement at that stage of the process. That necessarily means that the measure of a selectee's rights and duties is to be found in the Act, * * *."

In United States v. Collura, 2 Cir., 139 F.2d 345, Second Circuit, we have a case where the inductee assumed an attitude identical with that of the defendant in this case in that he refused to be inducted unless the regulation concerning vaccination would be waived as to him, and while the issue of jurisdiction was not presented, the Court, in passing upon the reasons given by the defendant for not submitting to induction, had this to say:

"The district judge refused to consider the validity of the Army Regulations regarding vaccination and rightly restricted the issue to whether or not the appellant reported at the induction center *prepared to be inducted into the army without qualification.* * * * The selectee must not only appear but must be ready to go through the process which constitutes induction into the army." (Emphasis added.)

The Government cites among authorities that it relies upon the case of United States v. Van Den Berg, 7 Cir., 139 F.2d 654. This case is not directly in point, but it would seem to sustain the position of the defendant rather than that of the Government, because the accused insisted that jurisdiction was in the district of his residence, rather than in the district where he had registered, and the court held that he could not divest the court of jurisdiction in the district where his omission to act constituted a crime.

■ When we apply the language of the Act and Regulations, and the judicial interpretations, it is clearly established: First, that this defendant is still a civilian; second, he continues to be a registrant of the Spokane City Local Draft Board No. 2 of Spokane, Washington; third, that Board alone has the power to order his induction or further consider his classification; and, fourth, the offense with which he is charged

is a failure to obey the order of induction of that Board. Therefore, the offense was committed, if at all, within the Eastern District of Washington. The United States District Court for the Eastern District of Washington alone has jurisdiction, and it is there that the defendant must be proceeded against.

An order sustaining the demurrer may be submitted, and an exception will be allowed to the plaintiff.