UNITED STATES of America,
Appellee,

v.

Daniel Clifford WHITTENBURG,
Appellant.

No. 72–1007.

United States Court of Appeals,
Tenth Circuit.

June 22, 1972.

Robert J. Kapelke, Denver, Colo., for appellant.

William K. Hickey, Asst. U. S. Atty. (James L. Treece, U. S. Atty., with him on brief), for appellee.

Before BREITENSTEIN, SETH and McWILLIAMS, Circuit Judges.

SETH, Circuit Judge.

The appellant was indicted and tried for failing to submit to induction under the Selective Service Act, 50 U.S.C.App. § 462(a). He was tried to the court, found guilty, and sentenced.

Appellant asserts that the trial court was in error in refusing to grant a motion for acquittal on the ground that appellant was not afforded the opportunity to submit to induction. Error is also urged as to the test applied on intent, and the proof as to wilfulness.

The record shows that appellant reported at the induction center on the day ordered. On arrival he asked to see a psychiatrist, as he apparently expected to have such an interview at the outset. He had with him a letter from a psychiatrist at the Boulder Community Hospital who had examined him the night before. This letter suggested a psychiatric evaluation as part of his induction physical. In response to his request, appellant was told at the induction center that it would not be possible for him to see a psychiatrist until the afternoon.

Appellant was then started on the regular induction procedures. He was x-rayed, but became upset. He testified at trial that he could not talk or do anything at the time. He was taken to a room to lie down for a few minutes. He was then taken to the place where written tests were given, given a test sheet, and told to begin. He testified he was very nervous and his hands cramped painfully. He did not proceed with the test. He was warned by the officer present of his duty to proceed with induction, but appellant became angry, threw his pencil at the officer, screamed, and crawled off into a corner of the room. He was again warned of his duties, and the consequences of refusal, but did not proceed with the testing although twice directed. Instead appellant sat on the floor crying and shaking his head. He was asked to leave, but did not do so. Finally a building guard arrived, and appellant walked out of the building with him. He left the induction center, and was charged and arrested several months later.

Appellant testified that the night before he was to report he had been drinking, he "lost control," began crying and laughing uncontrollably, and deliberately cut his arm with a razor blade. His friends took him to the Boulder Community Hospital where he talked to the psychiatrist who gave him the letter he took to the induction center.

The appellant urges that he was never given the opportunity to take the symbolic step forward at induction, and the proof only showed that he had failed to complete the examination or testing.

The proof shows that appellant refused to proceed with the regular induction procedures when directed to do so. It was not possible for the induction to continue under the circumstances described above. This condition was created by the acts of the appellant. An inductee cannot place his own terms or conditions on the process. Jeffries v. United States, 169 F.2d 86 (10th Cir.); United States v. Collura, 139 F.2d 345 (2d Cir.); United States v. Dombrouski, 445 F.2d 1289 (8th Cir.).

The appellant relies heavily on Chernekoff v. United States, 219 F.2d 721 (9th Cir.), and on United States v. Kroll, 402 F.2d 221 (3d Cir.). The Chernekoff case is an important case on this general subject, but it relates to the requirement that the registrant be made aware of his duty in the induction process, and be advised of the penalties upon refusal. In Kroll, warnings under AR 601–270 were given, and Kroll left the induction station; the basic issue there related to the contention that additional warnings under Miranda should have been given. Here the facts are clear that the appellant was ordered to appear for induction. He knew what he was supposed to do and started the procedures, but after a very short time refused to proceed further, despite repeated directions to do so, and having received the required warnings. The facts relating to his failure are thus clear, and all legal conditions relating thereto have been met.

 The appellant also urges that the proof was wanting as to the wilful nature of his failure to proceed, and that he was mentally unable to wilfully refuse. The issue of appellant's competency was fully developed at trial. The standard applied to issues of criminal intent was stated by this court in United States v. Williams, 421 F.2d 600 (10th Cir.); United States v. Mecham, 422 F. 2d 838 (10th Cir.), and United States v. Ebey, 424 F.2d 376 (10th Cir.).

The record shows that the evidence and the permissible inferences therefrom support the conclusions reached by the factfinder. Under the indictment it was incumbent upon the Government to prove the "knowingly" allegation; that is, to prove a culpable criminal intent. United States v. Williams. In matters of failure to act or perform it is necessary that the defendant be aware of the duty, and deliberately fail to perform. The issue of intent is a factual one and it is usually inferred from the facts developed. Here the trial court considered the testimony showing the physical acts of the parties concerned and heard the expert witnesses on the mental condition of appellant. In our viewing of the evidence in the light most favorable to the Government, together with the inferences which may reasonably be drawn, it must be concluded that the necessary elements of the offense were proven.

As indicated above, the basic issue of appellant's competence was raised, and the Government proceeded to sustain its burden under Fitts v. United States, 284 F.2d 108 (10th Cir.), and subsequent cases. The trial court applied the standard set out in Wion v. United States, 325 F.2d 420 (10th Cir.), and in our opinion the evidence again supports the trial court's finding.

We also find no errors in rulings on matters of evidence.

Affirmed.