**UNITED STATES of America, Plaintiff, Appellee,**

v.

**James Robert HARSTAD, Defendant, Appellant.**

**No. 73-2248.**

United States Court of Appeals, Ninth Circuit.

Nov. 8, 1973.

Paul Harris (argued), San Francisco, Cal., for defendant, appellant.

James L. Browning, Jr., U. S. Atty., F. Steele Langford, Joseph E. Reeves, Asst. U. S. Attys. (argued), San Francisco, Cal., for plaintiff, appellee.

Before ALDRICH,* DUNIWAY and SNEED, Circuit Judges.

ALDRICH, Senior Circuit Judge.

This case is another illustration of the technicalities, real or imagined, that it is possible to find in an area as broadly and necessarily regulated as the Selective Service. We do not find the registrant's contentions persuasive, and conclude that he was properly convicted of refusal to be inducted, in violation of 50 U.S.C. App. § 462(a).

The important facts, which omit irrelevant circumstances involving defendant's transfer from one local board to another, are these. Defendant registered for the draft, and in due course was granted I-A-O—non-combatant military service—status. Following receipt

---

* Hon. Bailey Aldrich, United States Senior Circuit Judge, First Circuit, sitting by designation.

of an order to report for induction on February 24, 1971 (first order) he submitted a claim to be reclassified as I–O, conscientious objector. We find it difficult to accept the district court's finding that, in content, this was not a prima facie claim, and we will assume in defendant's favor that it was. The question becomes whether the board properly refused under Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971), to reopen defendant's classification to consider this claim because it was filed after the order to report had been mailed.

On February 24 defendant appeared at the induction center, but refused to be inducted. Thereafter, without a hearing, he was notified that his I–O claim was denied. Our difficulties stem from the fact that on April 26, 1971, the secretary of the local board wrote defendant she had discovered that the first order to report had not noted thereon his I–A–O classification, and hence was unenforceable. She added that his duty to report was a continuing one and set a new reporting date. Defendant ultimately was ordered to report on May 26, 1971 (second order). He appeared on that date, but again refused induction, for which refusal he was indicted. The defense is that the second order was not a postponement of the first or a continuing duty order, but a new order, so that *Ehlert*, does not apply and Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970), would require the board to have reopened defendant's classification before its issuance.

The absence of a recitation of defendant's classification on the first order, while apparently not in accordance with the then current custom, violated no statute or regulation. The order was in all other respects valid. Nor was there any misstatement of his classification, by which defendant might have been misled. Defendant can support his claim only by saying that under such cases as Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945), and Hunt Foods &

Industries, Inc. v. FTC, 286 F.2d 803 (9th Cir. 1961), cert. denied 365 U.S. 877, 81 S.Ct. 1027, 6 L.Ed.2d 190, the secretary's conclusion as to the legal necessity of a reference to defendant's classification constituted a binding agency interpretation. That such weight should attach to a letter expressing the opinion of a secretary of a local board reminds one of the question asked by Lord Ellenborough in Buchanan v. Rucker, 103 Eng.Rep. 546, 547 (1808): "Can the Island of Tobago . . . bind the rights of the whole world?" We do not regard the secretary's authority as worthy of discussion. Nor does the fact that, for administrative convenience, there may have been a custom to note on his induction order the registrant's classification (which already appeared on his notice of classification) mean that its omission made the order void.

Had the government, on this record, prosecuted defendant for failure to submit to induction on February 24 there would have been no defense. A complication, however, was introduced by the fact that the prosecution is for the refusal to be inducted on May 26. Defendant contends that there was no basis for continuing the operative effect of the first order, so that the second order was, in substance, a new order, post-dating his request for change of classification, and so precluding reliance on Ehlert v. United States. This involves, at the outset, an interpretation of then 32 C.F.R. § 1632.14(a) (1971), which in pertinent part reads as follows:

"Regardless of the time when or the circumstances under which a registrant fails to report for induction when it is his duty to do so, it shall thereafter be his continuing duty from day to day to report for induction to his local board and to each local board whose area he enters or in whose area he remains."

Defendant says that since he did not "fail to report for induction" the first time, the regulation is inapplicable.

While in other aspects there is a difference between refusing to report and refusing induction, *see, e. g.,* Schutz v. United States, 422 F.2d 991, 994 (5th Cir. 1970), we think the short answer here is that the court could find defendant did not in fact report for induction. Rather, he appeared in order to announce, if he passed his medical, his intention not to be inducted. As the court said in United States v. Collura, 139 F. 2d 345 (2d Cir. 1943) at 345, "Obviously the duty to report for induction means more than putting in an appearance at the induction station. The selectee must not only appear but must be ready to go through the process which constitutes induction into the army." Billings v. Truesdell, 321 U.S. 542, 557, 64 S.Ct. 737, 88 L.Ed. 917 (1944); Estep v. United States, 327 U.S. 114, 119, 66 S. Ct. 423, 90 L.Ed. 567 (1946). Defendant may have physically come to the induction station, but in no real sense to report for induction. United States v. Collura; Schutz v. United States, 422 F.2d at 993. Jeffries v. United States, 169 F.2d 86, 89 (10th Cir. 1948); Smith v. United States, 148 F.2d 288, 290 (4th Cir. 1945), rev'd on other grounds, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946). Accordingly, under 32 C.F.R. § 1632.14, defendant, after failing to obey the first order, remained under a continuing duty to report. And, if we look at the regulation broadly rather than, perhaps, strictly, we think it only too apparent that the regulation did not intend to permit a registrant to terminate his obligation by the very act of refusing to comply with it.

Since the board's action was authorized under section 1632.14, there is no need to examine the other arrow in its quiver, 32 C.F.R. § 1642,[1] the one, if we can understand the government's discoursive brief, upon which it seems to depend. In sum, while the case is different, we find clearly apposite our language in Palmer v. United States, 401 F.2d 226 (9th Cir. 1963) at 227–228, "[A] registrant cannot, by refusing to submit to induction, impose upon the board any new duties respecting reclassification or reopening." Since there remained a continuing order, defendant cannot rely on *Ehlert*. It follows that the judgment of the district court must be affirmed.

---

1. 32 C.F.R. § 1642.2 (1971) reads, "When it becomes the duty of a registrant . . . to perform an act . . . the duty or obligation shall be a continuing duty or obligation from day to day and the failure to properly perform the act . . . shall in no way operate as a waiver of that continuing duty."